UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br>Shannon Marsden,<br><br>Debtor.<br><br>_____<br><br>Jemiah Eli Duff,<br><br>Plaintiff,<br><br>v.<br><br>Shannon Marsden,<br><br>Defendant. | Case No. 05 B 06406<br><br><br><br><br>Adv. No. 05 A 1390<br><br><br>Honorable John D. Schwartz |

## MEMORANDUM OPINION

This matter comes before the court on the motion to dismiss the complaint filed by the debtor and defendant, Shannon Marsden ("Marsden"). Plaintiff Jemiah Eli Duff ("Duff") commenced this adversary proceeding to

### Background

On February 24, 2005 ("Petition Date"), Marsden filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (11 U.S.C. §§101, *et seq*.). On June 13, 2005, Duff filed the complaint commencing this adversary proceeding. In it, he alleges that Marsden is not entitled to discharge the debts she assumed under the Judgment for Dissolution of Marriage ("Dissolution Judgment") entered in the Circuit Court of Cook County on April 9, 2002 pursuant to §§523(a)(5), (a)(15) and (a)(6) of the Bankruptcy Code, 11 U.S.C. §§101, *et seq*.

The gravamen of Duff's complaint is that the Dissolution Judgment provides for Marsden

to assume two debts, one to First USA Visa and one to GMAC and that Duff agreed to waive his right to maintenance in exchange for Marsden's assumption of the debts. He alleges that at the time of the Dissolution Judgment, Marsden was employed and that he was not. Furthermore, Duff alleges that as a result of Marsden's failure to pay the two debts, Duff has been compelled to pay them.

### Discussion

Federal pleading standards require a plaintiff to do no more than "state the nature of the claim; details can wait for later stages, such as an evidentiary hearing ... or summary judgment ..." Alliant Energy Corp. v. Bie, 277 F.3d 916, 919 (7th Cir. 2002). Rule 8(a) of the Federal Rules of Civil Procedure requires only that a complaint identify the basis for jurisdiction and contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P.8(a) (made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure Rule 7008). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether it has pleaded causes of action sufficient to entitle it to offer evidence in support of its claims. Wright v. International Business Machines Corp., 796 F. Supp. 1120, 1122 (N.D. Ill. 1992).

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir.1990). A motion to dismiss should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir.1993).

Section 523(a)(5) of the Bankruptcy Code[1] excepts from discharge debts to a spouse, former spouse or child of the debtor for alimony to, maintenance for, or support of, the spouse or child. A debt "to be paid to a third party in the nature of alimony, maintenance or support pursuant to a divorce decree is nondischargeable in bankruptcy under §523(a)(5)." In re Walden, 312 B.R. 187, 190 (C.D. Ill. 2004), citing In re Coil, 680 F.2d 1170, 1171 (7th Cir. 1982). The legislative history specifically provides that this provision will make non-dischargeable any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance or support of the spouse. See Hearing, pt 3, at 1287-1290 (HR Rep. No. 595, 95th Cong, 1st Sess. 364 (1977)). See also Walden, 312 B.R. 187 (where a debtor's obligation to make mortgage payments and hold his ex-wife harmless was excepted from discharge).

"The determination of whether a debt is in the nature of alimony, maintenance, or support is a matter of federal bankruptcy law rather than state law. [Citations omitted]. In making this determination, the Court must look to the substance of the obligation and not to labels imposed by state law. [Citations omitted]. The critical and principal inquiry is whether the intent of the divorce court and the parties was to provide support or divide marital property and debts. [Citation omitted]." Walden, 312 B.R. at 190. While Duff will have to prove that the debts

---

[1] This proceeding falls under the provisions of the Bankruptcy Code prior to its amendment as of October 17, 2005.

were to be paid by Marsden in lieu of maintenance, the complaint states a colorable cause of action.

## Conclusion

For the foregoing reasons, the motion to dismiss will be denied.

ENTERED:

Date:   December 6, 2005

John D. Schwartz
United States Bankruptcy Judge